IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARVASE J. SPELL,

    Plaintiff,

vs.

ALLEGHENY COUNTY
ADMINISTRATION, ALLEGHENY
COUNTY SHERIFF'S DEPARTMENT,
ALLEGHENY COUNTY SHERIFF,
DETECTIVE, JARED KULICK, FIREARMS
DIVISION,

    Defendants.

Civil Action No. 14-1403

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

Pending before the court are two Motions to Dismiss Plaintiff's *pro se* Complaint for Failure to State a Claim filed by Defendants Allegheny County Sheriff's Office and Deputy Sheriff Jared Kulik [ECF No. 11] and by Defendant Allegheny County Administration [ECF No. 13]. Each Motion is accompanied by a Brief in Support and a Reply Brief. [ECF Nos. 12, 14, 18, 19]. Plaintiff opposes the motions to dismiss. [ECF Nos. 16, 17]. The Motions are now ripe for my review. After careful consideration, the Motions to Dismiss are granted as set forth more fully below.

### I. **Background**[1]

Plaintiff commenced this case by filing a Motion for Leave to Proceed *in forma pauperis* on October 16, 2014. [ECF No. 1]. I granted Plaintiff's Motion on October 17, 2014, and his

---

[1]     Unless otherwise noted, the facts in this section are taken from Plaintiff's Complaint [ECF No. 2].

Complaint was filed on that same date. [ECF No. 2]. Plaintiff's Complaint names "Allegheny County Administration," "Allegheny County Sheriff's Department," and "Allegheny County Sheriff, Detective, Jared Kulick [sic], Firearms Division," as Defendants. Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging "multiple violations" of his rights under 18 U.S.C. §§ 241, 242, and 245; 42 U.S.C. § 14141; United States Constitution Article 7, Amendments 1, 5, 9, and 14; and the Pennsylvania Constitution Article 1, Sections 1, 7, 20, and 26. See Complaint ¶ V. Plaintiff appears to allege that Defendants unfairly charged him with Unsworn Falsification to Authorities in connection with an application he completed for a Pennsylvania License to Carry Firearms. Specifically, in the paragraph of his Complaint labeled "Facts," Plaintiff states:

> I was charge [sic] with Unsworn Falsification to Authorities 1A., after I furnish [sic] the Detective in said complaint with documents clearly indicating that I was following a procedural step needed to obtain a denial letter to be submitted with a PICS Challenge application and clearly explaining to Detective that I answer question in Box 30 C, G, and J indicating that I had Enumeration, Convictions and that I was [p]rohibited from possessing or acquiring a firearm by checking the box(s) [sic] to the right in the affirmative "YES."

Complaint ¶ VI.[1] Plaintiff seeks monetary damages for "misconduct, prejudicial bias, selective prosecution, willful violation of civil rights, and emotional distress." Complaint ¶¶ VII, VIII.

---

[1] Defendant Allegheny County Administration has attached to its Brief in Support of Motion to Dismiss a copy of the Application for a Pennsylvania License to Carry Firearms that Plaintiff completed and to which he refers in Paragraph VI of his Complaint. See [ECF No. 14-1]. As indicated in Paragraph VI of the Complaint, Plaintiff answered "yes" to the questions C, G, and J, in Box 30. Question C asks "Have you ever been convicted of a crime enumerated in § 6105(b), or do any of the conditions under 6105(c) apply to you?" [ECF No. 14-1]. Question G asks, inter alia, "Are you now charged with, or have you ever been convicted of a crime punishable by imprisonment for a term exceeding one year?" Id. Question J asks "Are you prohibited from possessing or acquiring a firearm under the statutes of the United States?" Id. Plaintiff also signed the certification in Box 33 of the application. Box 33 states, inter alia, "I have never been convicted of a crime that prohibits me from possessing or acquiring a firearm under Federal or State law. . . . I hereby certify that the statements contained herein are true and correct to the best of my knowledge and belief. I understand that if I knowingly make any false statements herein, I am subject to penalties prescribed by law. . . . This certification is made subject to both the penalties of § 4904 of the Crimes Code, 18 Pa. C.S., relating to unsworn falsifications to authorities and the Uniform Firearms Act." Id. As set forth more fully below, I may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1195 (3d Cir. 1993). Because Plaintiff

On December 19, 2014, Defendants Allegheny County Sheriff's Department and Detective Jared Kulik filed a Motion to Dismiss and Brief in Support. [ECF Nos. 11, 12]. Defendant Allegheny County Administration filed a similar Motion to Dismiss and supporting Brief on December 23, 2014. [ECF Nos. 13, 14]. Both Motions seek dismissal of Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On January 9, 2015, Plaintiff filed a document entitled "Amended Complaint Under Rule 15, a Reply Answers of Facts, Exhibits and Legal Claim, a Brief Supporting Claim with Memorandum of Points and Authorities, Corrections Indicating Proper Defendant(s), Entitie(s) Subjected to Suit, Plaintiff Has No Objection to Jury Trial." [ECF No. 17]. After I reviewed the substance of this filing, it was clear that the document is not an Amended Complaint, but, rather, a response to Defendants' Motions to Dismiss. Thus, although initially docketed as an Amended Complaint based on its title, I directed the Clerk's Office to redocket Plaintiff's filing as a response. [ECF Nos. 15, 17]. Plaintiff also filed a Brief in support of his Response. [ECF No. 16]. On January 21, 2015, both sets of Defendants filed Replies to Plaintiff's Response. [ECF Nos. 18, 19].

## II. Legal Analysis

### A. Standard of Review

Defendants filed their Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

---

refers to this firearms application in his Complaint and does not dispute the authenticity of the document as attached by Defendant Allegheny County Administration, I consider it here. See also [ECF No. 16-4] (copy attached to Plaintiff's brief).

[2] The Sheriff Defendants also cite Fed. R. Civ. P. 12(b)(1) as a basis for their Motion to Dismiss. ECF No. 11. Their Brief, however, discusses only Rule 12(b)(6). For this reason, and because I find that dismissal is proper under Rule 12(b)(6), I discuss only that rule herein.

> recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in Ashcroft v. Iqbal, 556 U.S.662 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations omitted).

In Iqbal, the Court specifically highlighted the two principles which formed the basis of the Twombly decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). Second, a complaint will survive a motion to dismiss only if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. Iqbal, 556 U.S. at 679; Fowler, 578 F.3d at 210-11. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Because Plaintiff in this case filed his Complaint *pro se*, I must construe his pleadings liberally and apply the applicable law, irrespective of whether he has mentioned it by name. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); see also Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is

4

well-established."); Erickson v. Pardus, 551 U.S. 89, 94 (2007). This principle, however, does not absolve a *pro se* litigant from complying with Twombly and the federal pleading requirements. Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010). *Pro se* litigants still must allege sufficient facts in their complaints to support a claim. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

When ruling upon a 12(b)(6) motion, I generally may consider only the allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and items appearing in the record of the case. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1195 (3d Cir. 1993). I also may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Id. at 1196. Other matters outside the pleadings should not be considered.

If a complaint is subject to a Rule 12(b)(6) dismissal, I must permit a curative amendment unless an amendment would be inequitable or futile. Phillips, 515 F.3d at 236.

**B. Allegheny County Sheriff's Office and Deputy Sheriff Jared Kulik's Motion to Dismiss**

Defendants Allegheny County Sheriff's Office and Deputy Sheriff Jared Kulik[3] move to dismiss Plaintiff's Complaint in its entirety. As set forth above, Plaintiff brings his claim under 42 U.S.C. § 1983. Complaint ¶ V. Section 1983 provides a private right of action to:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[3] Plaintiff's Complaint names these Defendants as "Allegheny County Sheriff's Department" and Allegheny County Sheriff, Detective Jared Kulick, Firearms Division." [ECF No. 2]. In their Brief in Support of their Motion to Dismiss, these Defendants state that the correct names of the entity and individual at issue are Allegheny County Sheriff's Office (not Department) and Deputy Sheriff Jared Kulik. Plaintiff's Response indicates he agrees with these corrections. [ECF No. 17]. Thus, I refer to Defendants by the correct names herein and/or collectively as "Sheriff Defendants."

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .

42 U.S.C. § 1983. In order to state a viable claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 does not create rights. Rather, it provides a remedy for violation of those rights created by the United States Constitution or federal law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Here, Plaintiff alleges that Defendants violated his rights under 18 U.S.C. §§ 241, 242, and 245; 42 U.S.C. § 14141; United States Constitution Article 7, Amendments 1, 5, 9, and 14; and the Pennsylvania Constitution Article 1, Sections 1, 7, 20, and 26. Complaint ¶ V.

After careful consideration and for the reasons set forth below, the Sheriff Defendants' motions are granted, with prejudice in part, and without prejudice in part, as set forth more fully herein.

**1. Claims Under Federal Statutes**

To the extent Plaintiff bases his Section 1983 claim on alleged violations of 18 U.S.C. §§ 241, 242, and 245 and 42 U.S.C. § 14141, his claim fails as a matter of law and must be dismissed. With respect to 42 U.S.C. § 14141, the Sheriff Defendants argue: (1) that this statutory provision applies only to the administration of juveniles, which Plaintiff is not; and (2) that there is no private right of action under the statute. [ECF No. 12, at 8].[4] Plaintiff agrees in

---

[4] 42 U.S.C. § 14141 provides:

(a) Unlawful conduct

It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that

his Response that the statute is "inapposite to [his] claim" and, therefore, "deletes" his allegations related to this statute. Pl.'s Resp. [ECF No. 17] at 6. Accordingly, Plaintiff's claims are dismissed with prejudice to the extent they arise under 42 U.S.C. § 14141.

Plaintiff's claims arising under 18 U.S.C. § 241 (Conspiracy Against Rights); § 242 (Deprivation of Rights Under Color of Law); and § 245 (Federally Protected Activities), likewise must be dismissed with prejudice. These are federal criminal statutes and, as such, do not provide for a private civil cause of action. Thus, a violation of these statutes cannot form the basis of a private civil suit. See, e.g., Jones v. Lockett, Civil Action No. 08-16, 2009 WL 2232812, at *8 (W.D. Pa. July 23, 2009) (citing cases and explaining that these criminal statutes "do not confer a right to a person. Hence, violating the statute does not violate a federal civil right of the Plaintiff within the contemplation of Section 1983."); see also Watson v. Washington Twp. of Gloucester County Pub. Sch. Dist., 413 F. App'x 466, 468 (3d Cir. 2011) (no private right of action under 18 U.S.C. §§ 241, 242); Pondexter v. Allegheny County Housing Auth., Civil Action No. 11-857, 2012 WL 3611225, at *9 (W.D. Pa. Aug. 21, 2012) (no private right of action under 18 U.S.C. §§ 241, 242, 245, or 42 U.S.C. § 14141). Because there is no private cause of action under these statutes, amendment of these claims would be futile.

**2. Claims Under the Pennsylvania Constitution**

Plaintiff also alleges that he is entitled to monetary damages for claimed violations of the

---

deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

(b) Civil action by Attorney General

Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

Pennsylvania Constitution Article 1, Sections 1, 7, 20, and 26.[5]  Complaint ¶¶ V, VII.  A violation of state law, however, including a state Constitution, cannot form the basis of a Section 1983 claim.  See Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir. 1992); Wright v. City of Philadelphia, Civ. A. Nos. 10-1102, 11-5990, 12-114, 2015 WL 894237, at *15 (E.D. Pa. Mar. 2, 2015).  It further is well-established that no private cause of action for damages exists for violations of the Pennsylvania Constitution.  See Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist., 442 F. App'x 681, 687 (3d Cir. 2011).  For these reasons, the Sheriff Defendants' Motion to Dismiss Plaintiff's claims arising under the Pennsylvania Constitution is granted.  Because amendment of those claims would be futile, the dismissal is with prejudice.

### 3. Claims Under the United States Constitution

Plaintiff asserts claims for damages under the United States Constitution, Article 7, Amendments 1, 5, 9, and 14.  Complaint ¶¶ V, VII.  I address each of these provisions in turn.

#### a. Ninth Amendment

The Ninth Amendment to the United States Constitution provides that "[t]he enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people."  This Amendment is a rule of construction that restrains the federal government from acting to expand its powers on rights not listed in the Bill of Rights.  "As such, the Ninth Amendment standing alone does not confer substantive rights for purposes of pursuing a constitutional claim."  Nicolette v. Caruso, 315 F. Supp.2d 710, 718 (W.D. Pa. 2003).  Thus, "section 1983 civil rights claims premised on the Ninth Amendment must fail because there are no constitutional rights secured by that amendment."  Id. (internal quotations and citation omitted).  Accordingly, Plaintiff cannot state a claim under the Ninth Amendment as a matter of

---

[5] Article 1 of the Pennsylvania Constitution is entitled "Declaration of Rights."  Section 1 discusses "Inherent Rights of Mankind."  Section 7 addresses "Freedom of Press and Speech; Libels."  Section 20 involves the "Right to Petition."  Section 26 is titled "No Discrimination by Commonwealth and Its Political Subdivisions."  Pa. Const., Art. 1, §§ 1, 7, 20, 26.

law, and that claim is dismissed. Because permitting an amendment of the claim would be futile, such dismissal is with prejudice.[6]

### b. Fifth Amendment

The Fifth Amendment to the United States Constitution provides, in part, that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." It is well-established, however, that the Fifth Amendment restricts the actions of federal officials, not state actors. See Leventry v. Watts, Civil Action No. 06-193, 2007 WL 1469038, at *2 (W.D. Pa. May 17, 2007) (Ambrose, J.); Nicolette, 315 F. Supp. at 718. Here, Defendants are state actors, not federal officials. Therefore, I agree with the Sheriff Defendants that Plaintiff's Section 1983 claim for a violation of the Fifth Amendment must be dismissed. Because amendment of this claim would be futile, my dismissal is with prejudice.

### c. First Amendment

The First Amendment to the United States Constitution provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

Although Plaintiff cites the First Amendment as a basis for his Section 1983 claim, his Complaint does not elaborate on the substance of the First Amendment claim. I also cannot discern from the barebones factual allegations set forth in the Complaint which, if any, of the First Amendment's protections Plaintiff alleges Defendants violated. Accordingly, I agree with Defendants that Plaintiff has not articulated a plausible Section 1983 claim for a violation of Plaintiff's First Amendment rights. For these reasons, the Sheriff Defendants' Motion to Dismiss

---

[6] In his Response, Plaintiff mistakenly avers that the Ninth Amendment reads: "No State shall make or enforce any Law which shall abridge the privileges or immunities of citizens of the United States . . . . Nor deny to any person within its jurisdiction the Equal Protection of the Laws." Pl.'s Resp. [ECF No. 17] at 7. This language actually appears in the Fourteenth Amendment. I discuss Plaintiff's Fourteenth Amendment claims more fully in Section II.B.3.d, infra.

this claim is granted, without prejudice to Plaintiff's ability to file an amended complaint curing this deficiency, within the timeframe set forth in the Order accompanying this Opinion.[7]

### d. Fourteenth Amendment

Plaintiff also cites the Fourteenth Amendment to the United States Constitution in support of his Section 1983 claim. Complaint ¶ V. Applicable to state actors, the Fourteenth Amendment provides, in part, that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const., Amend. XIV, Sec. 1. Although, as the Sheriff Defendants concede, the Fourteenth Amendment may form the basis of a Section 1983 claim, Plaintiff's Complaint fails to specify which Fourteenth Amendment protections he claims Defendants violated or to set forth sufficient facts to support such a claim. Even construing Plaintiff's filings liberally, I simply am unable to determine the grounds for Plaintiff's claim or discern Plaintiff's substantive intent. For these reasons, the Sheriff Defendants' Motion to Dismiss this claim is granted, without prejudice to Plaintiff's ability to file an amended complaint curing this deficiency, within the timeframe set forth in the Order accompanying this Opinion.

### e. Qualified Immunity

The Sheriff Defendants further argue that Plaintiffs' claims against them are barred by the doctrine of qualified immunity. [ECF No. 12 at 10-12]. "[T]he qualified-immunity defense

---

[7] In the cursory section of his Response titled "First Amendment" [ECF No. 17, at 6], Plaintiff quotes only the portion of the amendment protecting the right of the people "to petition the government for a redress of grievances." Id. The Response, however, does not state whether or how Defendants allegedly violated that right, or set forth any facts that might support such a claim. See id. Indeed, other than this brief citation to the amendment itself, Plaintiff's Response does not elaborate on or attempt to explain the basis for his First Amendment claim. Thus, even assuming that the right "to petition the government for redress of grievances" is the right that Plaintiff seeks to protect in this lawsuit, his Complaint still suffers from the same deficiencies discussed above. Plaintiff can cure these deficiencies, if at all, only through an amended complaint that complies with the federal pleading rules.

shields government agents from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Debrew v. Auman, 354 F. App'x 639, 641 (3d Cir. 2009) (quoting Thomas v. Independence Twp., 463 F.3d 285, 291 (3d Cir. 2006)). Questions of qualified immunity should be resolved at the earliest possible stage of litigation. See Thomas, 463 F.3d at 291. At the 12(b)(6) stage, however, qualified immunity will be found "only when the immunity is established on the face of the complaint." Cunningham v. N. Versailles Twp., No. Civ. A. 09-1314, 2010 WL 391380, at *13 (W.D. Pa. Jan. 27, 2010) (Ambrose, J.) (quoting Thomas, 463 F.3d at 291); see also Newland v. Reehorst, 328 F. App'x 788, 791 n.3 (cautioning that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases").

Here, as set forth above, the allegations in Plaintiff's Complaint are so scant that I am unable to discern the factual basis for his Section 1983 claims, let alone whether the Sheriff Defendants' alleged actions violated a clearly established constitutional right. Because Plaintiff's Section 1983 claims already are subject to dismissal for the reasons set forth above, I need not address qualified immunity at this juncture. If Plaintiff chooses to amend his complaint to the extent permitted by the Order accompanying this Opinion, the Sheriff Defendants may renew their qualified immunity argument in a motion to dismiss, if appropriate, at that time. For present purposes, the Sheriff Defendants' Motion to Dismiss on qualified immunity grounds is denied as moot and premature.

## C. Allegheny County Administration's Motion to Dismiss

Defendant "Allegheny County Administration" moves to dismiss Plaintiff's Complaint against it in its entirety. [ECF No. 13]. Defendant argues (1) that "Allegheny County Administration" is not an entity subject to suit under Section 1983; (2) the Complaint fails to

state a policy or custom claim as required to establish municipal liability; and (3) the Complaint fails to state a claim for any underlying constitutional or other violation. [ECF No. 14, at 1].

First, Defendant argues that the name "Allegheny County Administration" is ambiguous and suggests that Plaintiff intended to sue an administrative arm of Allegheny County, and not the county itself. [ECF No. 14, at 6]. Defendant asserts that an administrative arm of a government unit is not itself the government unit and, therefore, is not a proper defendant under Section 1983. See id. (citing, inter alia, Padilla v. Twp. of Cherry Hill, 110 F. App'x 272, 278 (3d Cir. 2004)). After reading Plaintiff's response and construing the Complaint liberally, however, it is clear that Plaintiff intended to sue Allegheny County, and not a division or arm of the county. See [ECF Nos. 16-17] (referring to Defendant as "Allegheny County" throughout). Defendant does not argue that Allegheny County is an improper defendant for Section 1983 purposes. Therefore, I decline to dismiss Plaintiff's Complaint against the county on this basis.

Second, Defendant Allegheny County argues that I must nevertheless dismiss Plaintiff's Complaint against it because the Complaint does not state a "policy or custom claim as is required to demonstrate county/municipal liability." [ECF No. 14, at 6-10]. I agree. In order to state a legally sufficient claim for municipal liability under Section 1983, a plaintiff must plead the existence of a policy or custom that caused the alleged constitutional violation. See Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 690-91 (1978). The complaint also must set forth a direct causal link between the municipal policy or custom and alleged constitutional deprivation. See Cunningham, 2010 WL 391380, at *12 (citing Monell and Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)). Here, Plaintiff's Complaint does not allege a municipal policy or custom sufficient to give rise to a plausible claim of municipal liability against Allegheny County. Indeed, from his Response, it appears that Plaintiff is relying on a theory of *respondeat superior*. See, e.g., [ECF No. 17, at

8]. *Respondeat superior* is not an appropriate basis for Section 1983 municipal liability. See Santora v. Red Clay Consol. Sch. Dist., 580 F. App'x 59, 62 (3d Cir. 2014) (citing Monell, 436 U.S. at 691-92). For this reason, Defendant Allegheny County's Motion with respect to municipal liability is granted.

Third, and finally, Defendant Allegheny County argues that Plaintiff's Complaint fails to articulate sufficient facts to state any underlying constitutional or other claim. To the extent the county's arguments in this regard echo those raised by the Sheriff Defendants, dismissal of Plaintiff's Complaint against Allegheny County also is appropriate for the reasons and to the extent set forth in Section II.B., supra.

Even construing Plaintiff's Complaint liberally, the facts alleged therein are simply too vague, and the theories of liability too poorly articulated, for me to determine whether allowing Plaintiff to amend his municipal liability claim would be futile. Accordingly, and keeping in mind Plaintiff's *pro se* status, this dismissal is without prejudice to Plaintiff's ability to amend his Complaint to set forth facts sufficient to state a plausible claim against Allegheny County for municipal liability under Section 1983. This permission to amend is limited only to those claims dismissed without prejudice in Section II.B., supra, *i.e.*, Plaintiffs Section 1983 claims alleging violations of the First and Fourteenth Amendments to the United States Constitution. Amendment of any other claims would be futile for the reasons previously set forth herein.[8]

### III. CONCLUSION

For all of these reasons, Defendants' Motions to Dismiss Plaintiff's Complaint [ECF Nos. 11, 13] are granted as follows: Plaintiff's claims under 42 U.S.C. § 1983 for violations of his rights under 18 U.S.C. §§ 241, 242, and 245; 42 U.S.C. § 14141; the Pennsylvania Constitution;

---

[8] In his Response, Plaintiff appears to add a claim under 42 U.S.C. § 1988. See [ECF No. 17, at 2] (purporting to state a claim for relief under 42 U.S.C. §§ 1983 and 1988). Section 1988, however, does not create an independent cause of action for the violation of federal civil rights. See Moor v. County of Alameda, 411 U.S. 693, 702-03 (1973); Carpenter v. Ashby, 351 F. App'x 684, 687 (3d Cir. 2009). Thus, any attempt by Plaintiff to amend his Complaint to add a claim under Section 1988 would be futile.

and the Fifth and Ninth Amendments to the United States Constitution, are dismissed with prejudice. Plaintiff's claims asserted under 42 U.S.C. § 1983 for violations of his rights under the First and Fourteenth Amendments to the United States Constitution are dismissed, without prejudice to file an Amended Complaint, curing the deficiencies noted in the accompanying Opinion with respect to these claims.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARVASE J. SPELL,<br><br>    Plaintiff,<br><br>    vs.<br><br>ALLEGHENY COUNTY ADMINISTRATION, ALLEGHENY COUNTY SHERIFF'S DEPARTMENT, ALLEGHENY COUNTY SHERIFF, DETECTIVE, JARED KULICK, FIREARMS DIVISION,<br><br>    Defendants. | Civil Action No. 14-1403 |

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 23rd day of March, 2015, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendants' Motions to Dismiss [ECF Nos. 11 & 13] are granted as follows: Plaintiff's claims under 42 U.S.C. § 1983 for violations of his rights under 18 U.S.C. §§ 241, 242 & 245; 42 U.S.C. § 14141; the Pennsylvania Constitution; and the Fifth and Ninth Amendments to the United States Constitution, are dismissed with prejudice. Plaintiff's claims asserted under 42 U.S.C. § 1983 for violations of his rights under the First and Fourteenth Amendments to the United States Constitution are dismissed, without prejudice to file an Amended Complaint, curing the deficiencies noted in the accompanying Opinion with respect to these claims. Any such Amended Complaint must be filed no later than April 6, 2015.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge