IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARVASE J. SPELL,

    Plaintiff,

vs.

ALLEGHENY COUNTY, ALLEGHENY
COUNTY SHERIFF'S OFFICE,
ALLEGHENY COUNTY DEPUTY
SHERIFF, JARED KULIK,

    Defendants.

Civil Action No. 14-1403

AMBROSE, Senior District Judge

# OPINION
## and
# ORDER OF COURT

Pending before the court are two Motions to Dismiss Plaintiff's *pro se* Amended Complaint for Failure to State a Claim filed by Defendants Allegheny County Sheriff's Office and Deputy Sheriff Jared Kulik [ECF No. 24] and by Defendant Allegheny County [ECF No. 22]. Each Motion is accompanied by a Brief in Support [ECF Nos. 23, 25], and Defendant Allegheny County also filed a Reply Brief. [ECF No. 29]. Plaintiff opposes the motions to dismiss. [ECF Nos. 27, 28]. The Motions are now ripe for my review. After careful consideration, the Motions to Dismiss are granted as set forth more fully below.

## I. Background[1]

Plaintiff commenced this case by filing a Motion for Leave to Proceed *in forma pauperis* on October 16, 2014. [ECF No. 1]. I granted Plaintiff's Motion on October 17, 2014, and his

---

[1] Unless otherwise noted, the facts in this section are taken from Plaintiff's Amended Complaint [ECF No. 21].

Complaint was filed on that same date. [ECF No. 2]. Plaintiff's original Complaint named "Allegheny County Administration," "Allegheny County Sheriff's Department," and "Allegheny County Sheriff, Detective, Jared Kulick *[sic]*, Firearms Division," as Defendants. Plaintiff filed his lawsuit pursuant to 42 U.S.C. § 1983, alleging "multiple violations" of his rights under 18 U.S.C. §§ 241, 242, and 245; 42 U.S.C. § 14141; United States Constitution Article 7, Amendments 1, 5, 9, and 14; and the Pennsylvania Constitution Article 1, Sections 1, 7, 20, and 26. See Complaint ¶ V. Plaintiff appeared to allege that Defendants unfairly charged him with Unsworn Falsification to Authorities in connection with an application he completed for a Pennsylvania License to Carry Firearms. Complaint ¶ VI. Plaintiff sought monetary damages. Complaint ¶¶ VII, VIII.

On December 19, 2014, Defendants Allegheny County Sheriff's Department and Detective Jared Kulik filed a Motion to Dismiss the original Complaint and Brief in Support. [ECF Nos. 11, 12]. Defendant Allegheny County Administration filed a similar Motion to Dismiss and supporting Brief on December 23, 2014. [ECF Nos. 13, 14]. Both Motions sought dismissal of Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On January 9, 2015, Plaintiff filed a document entitled "Amended Complaint Under Rule 15, a Reply Answers of Facts, Exhibits and Legal Claim, a Brief Supporting Claim with Memorandum of Points and Authorities, Corrections Indicating Proper Defendant(s), Entitie(s) Subjected to Suit, Plaintiff Has No Objection to Jury Trial." [ECF No. 17]. After I reviewed the substance of this filing, it was clear that the document was not an Amended Complaint, but, rather, a response to Defendants' Motions to Dismiss. Thus, although initially docketed as an Amended Complaint based on its title, I directed the Clerk's Office to redocket Plaintiff's filing as a response. [ECF Nos. 15, 17]. Plaintiff also filed a Brief in support of his Response. [ECF No.

16]. On January 21, 2015, both sets of Defendants filed Replies to Plaintiff's Response. [ECF Nos. 18, 19].

On March 24, 2015, I granted both Motions to Dismiss. [ECF No. 20]. In so doing, however, I gave Plaintiff leave to amend his Section 1983 claims based on the First and Fourteenth Amendments. On March 30, 2015, Plaintiff filed an Amended Complaint. [ECF No. 21]. In the Amended Complaint, Plaintiff expressly "deletes" his claims alleging violations of his rights under 18 U.S.C. §§ 241, 242, and 245; 42 U.S.C. § 14141; the United States Constitution Article 7, Amendments 5 and 9; and the Pennsylvania Constitution Article 1, Sections 1, 7, 20, and 26. [ECF No. 21, p.1]. The Amended Complaint reasserts claims for damages under Section 1983 for alleged violations of Plaintiff's constitutional rights under the First and Fourteenth Amendments. Id. at p.3.

Viewing the Amended Complaint in the light most favorable to Plaintiff, and construing the pleading liberally in light of his *pro se* status, Plaintiff's factual allegations are as follows:

> On June 6, 2013, Plaintiff submitted an application for a Pennsylvania License to Carry Firearms.[1]
>
> On July 25, 2013, Plaintiff received a letter from the Allegheny County Sheriff's Office denying his application. The denial letter stated: "Attached to this letter

---

[1] Plaintiff attached to his Brief in Opposition to Defendants' Motions to Dismiss a copy of the Application for a Pennsylvania License to Carry Firearms to which he refers in his Complaint. See [ECF No. 28-1, Ex. J]. As indicated on the application, Plaintiff answered "yes" to the questions C, G, and J, in Box 30. Question C asks "Have you ever been convicted of a crime enumerated in § 6105(b), or do any of the conditions under 6105(c) apply to you?" See id. Question G asks, inter alia, "Are you now charged with, or have you ever been convicted of a crime punishable by imprisonment for a term exceeding one year?" Id. Question J asks "Are you prohibited from possessing or acquiring a firearm under the statutes of the United States?" Id. Plaintiff also signed the certification in Box 33 of the application. Box 33 states, inter alia, "I have never been convicted of a crime that prohibits me from possessing or acquiring a firearm under Federal or State law. . . . I hereby certify that the statements contained herein are true and correct to the best of my knowledge and belief. I understand that if I knowingly make any false statements herein, I am subject to penalties prescribed by law. . . . This certification is made subject to both the penalties of § 4904 of the Crimes Code, 18 Pa. C.S., relating to unsworn falsifications to authorities and the Uniform Firearms Act." Id. In deciding a motion to dismiss, I may consider an undisputedly authentic document that has been filed on the record if the plaintiff's claims are based on the document. Because Plaintiff refers to this firearms application in his Amended Complaint and does not dispute the authenticity of the document, I consider it here.

you will find a Pennsylvania State Police Challenge Form. Please complete and mail the form to the Pennsylvania State Police within 30 days." Amended Complaint, p.3, "Facts that Show Violation of Rights" ¶ 1.

On July 25, 2013, after submitting the Challenge Form, Plaintiff received a response from the Pennsylvania State Police Headquarters notifying him that a decision would be made in 60 days. Subsequently, a decision was made and the matter was forwarded to the Commonwealth of Pennsylvania, Office of the Attorney General. Amended Complaint, p.3, "Facts that Show Violation of Rights" ¶ 2.

On May 12, 2014, Plaintiff received a response from the Attorney General's Office scheduling a hearing for July 17, 2014. Plaintiff appeared at the hearing, at which his appeal was denied. After this denial, Plaintiff appealed to the Commonwealth Court of Pennsylvania. Amended Complaint, p.3, "Facts that Show Violation of Rights" ¶ 3.

On April 21, 2014, during the pendency of his appeal, Plaintiff appeared at the Allegheny County Sheriff's Office for an interview with Defendant Kulik. Amended Complaint, p.2, "Statement of Claim" ¶ 1.

At that interview, Defendant Kulik asked Plaintiff if he had submitted an application for a Pennsylvania License to Carry Firearms on June 6, 2013. Plaintiff replied that he had. Defendant Kulik then informed Plaintiff that by signing the application document, Plaintiff had committed Unsworn Falsification to Authorities in violation of 18 Pa. C.S. § 4904. Plaintiff then "explained" to Defendant Kulik that he signed the document so that he could "challeng[e] the Record and Judicial Review as it relates to the Pennsylvania General Assembly and the Uniform Firearms Act and Pennsylvania Consolidated Statutes Annotated Section 6105 and Chapter 61 – Title 18 – Crimes and Offenses Section 6105.1 Restoration of Firearms Rights for Offenses under prior Laws of this Commonwealth." Plaintiff avers that he then became upset and furnished Defendant Kulik with documents in support of his right to challenge the denial of his firearms application. Amended Complaint, p.2, "Statement of Claim" ¶ 2.

After signing a Miranda Warning presented by Defendant Kulik, Plaintiff received a Criminal Complaint charging him with Unsworn Falsification of Authorities and scheduling a hearing for June 26, 2014. On November 12, 2014, the matter was *nolle prossed*. Plaintiff then appealed the matter to the Pennsylvania Superior Court. Amended Complaint, p.2-3, "Statement of Claim" ¶ 6.

Plaintiff seeks damages in the amount of $75,000 for emotional distress. Amended Complaint, p.3, "Relief Sought."

On April 13, 2015, Defendants Allegheny County Sheriff's Office and Deputy Sheriff Jared Kulik filed a Motion to Dismiss the Amended Complaint and Brief in Support. [ECF Nos. 24, 25].

Defendant Allegheny County filed a similar Motion to Dismiss and supporting Brief on that same date. [ECF Nos. 22, 23]. On May 12, 2015, Allegheny County filed a Reply Brief. [ECF No. 29]. Both Motions seek dismissal of Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Analysis

### A. Standard of Review

Defendants filed their Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in Ashcroft v. Iqbal, 556 U.S.662 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations omitted).

In Iqbal, the Court specifically highlighted the two principles which formed the basis of the Twombly decision: First, for the purposes of a motion to dismiss, courts must accept as true

---

[2] The Sheriff Defendants also cite Fed. R. Civ. P. 12(b)(1) as a basis for their Motion to Dismiss. ECF No. 24. Their Brief, however, discusses only Rule 12(b)(6). For this reason, and because I find that dismissal is proper under Rule 12(b)(6), I discuss only that rule herein.

all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). Second, a complaint will survive a motion to dismiss only if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. Iqbal, 556 U.S. at 679; Fowler, 578 F.3d at 210-11. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Because Plaintiff in this case filed his Amended Complaint *pro se*, I must construe his pleadings liberally and apply the applicable law, irrespective of whether he has mentioned it by name. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); see also Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."); Erickson v. Pardus, 551 U.S. 89, 94 (2007). This principle, however, does not absolve a *pro se* litigant from complying with Twombly and the federal pleading requirements. Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010). *Pro se* litigants still must allege sufficient facts in their complaints to support a claim. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

When ruling upon a 12(b)(6) motion, I generally may consider only the allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and items appearing in the record of the case. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1195 (3d Cir. 1993). I also may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims

are based on the document. Id. at 1196. Other matters outside the pleadings should not be considered.

If a complaint is subject to a Rule 12(b)(6) dismissal, I must permit a curative amendment unless an amendment would be inequitable or futile. Phillips, 515 F.3d at 236.

**B. Allegheny County Sheriff's Office and Deputy Sheriff Jared Kulik's Motion to Dismiss**

Defendants Allegheny County Sheriff's Office and Deputy Sheriff Jared Kulik ("Sheriff Defendants") move to dismiss Plaintiff's Amended Complaint in its entirety. As set forth above, Plaintiff brings his claims under 42 U.S.C. § 1983. Amended Complaint ¶ V. Section 1983 provides a private right of action to:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .

42 U.S.C. § 1983. In order to state a viable claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 does not create rights. Rather, it provides a remedy for violation of those rights created by the United States Constitution or federal law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

Here, Plaintiff alleges that Defendants violated his rights and asserts claims for damages under the First and Fourteenth Amendments to the United States Constitution. Amended Complaint [ECF No. 21], at p.3. I address each of these provisions in turn.

**1. First Amendment**

The First Amendment to the United States Constitution provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the

> government for a redress of grievances.

U.S. Const. Amend. 1. Plaintiff's Amended Complaint cites the First Amendment as one basis for his Section 1983 claim. In reviewing Plaintiff's First Amendment allegations in his original Complaint, I was unable to discern from the barebones factual allegations set forth in that Complaint which, if any, of the First Amendment's protections Plaintiff thought Defendants violated. Accordingly, I found that Plaintiff had not articulated a plausible Section 1983 claim for a violation of Plaintiff's First Amendment rights.

In his Amended Complaint, Plaintiff has elaborated on his First Amendment claim. Viewing the Amended Complaint in the light most favorable to Plaintiff, and considering his *pro se* status, it appears that Plaintiff contends that the Sheriff Defendants violated his First Amendment right to "petition the government for a redress of grievances." Amended Complaint [ECF No. 21] at p.3. As in his original Complaint, the facts on which Plaintiff bases his claim center on his allegations that the Sheriff Defendants unfairly charged him with Unsworn Falsification to Authorities in connection with the application he completed for a Pennsylvania License to Carry Firearms. Amended Complaint at pp.2-3. Plaintiff admits he signed a certification on the form stating that he had never been convicted of a crime prohibiting him from possessing or acquiring a firearm under Federal or State law, even though he admittedly had been convicted of such a crime. He maintains, however, that signing the form was a procedural step required to obtain a denial letter which he then could challenge through the appeals process. Plaintiff argues that Defendant Kulik's decision to charge him with unsworn falsification of authorities placed him in a "catch-22" (*i.e.*, left him with the choice to forfeit his right to seek restoration of his firearms rights or be charged with unsworn falsification).

Even accepting Plaintiff's allegations as true, his "right to petition" claim is without merit. "The Petition Clause protects the right of individuals to appeal to courts and other forums

established by the government for resolution of legal disputes." Borough of Duryea v. Guarnieri, ___ U.S. ___, 131 S. Ct. 2488, 2494 (2011). Here, Defendant Kulik's alleged actions, even if true, did not bar Plaintiff from seeking a remedy for his grievances, *i.e.*, challenging the denial of a firearms license and/or petitioning for restoration of his firearms rights. To the contrary, as Plaintiff's Amended Complaint itself outlines, the lodging of unsworn falsification charges against him in April 2014 did not deprive him of his right to appeal the denial of a firearms license to the courts. Not only did Plaintiff obtain the initial denial letter he sought, but he also pursued his appeal of that denial, a process which included, *inter alia*, an administrative hearing with the Attorney General's office in July 2014 and a subsequent appeal to the Pennsylvania Commonwealth Court, which was still pending at the time Defendants filed the instant Motion to Dismiss. See Amended Complaint, p.3.[3] Because the Sheriff Defendants' actions did not bar Plaintiff from seeking a remedy for his grievance, Plaintiff has failed to allege facts to support his claim that the Sheriff Defendants violated his first amendment right to petition for redress. See, e.g., Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Accordingly, the Sheriff Defendants' Motion to Dismiss Plaintiff's First Amendment Claim is granted.

**2. Fourteenth Amendment**

Plaintiff also cites the Fourteenth Amendment to the United States Constitution in support of his Section 1983 claim. Amended Complaint, at p.3. Applicable to state actors, the Fourteenth Amendment provides, in part, that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

---

[3] Plaintiff also admits that the unsworn falsification charge itself was *nolle prossed*, and that Plaintiff appealed that decision to the Pennsylvania Superior Court without interference. Amended Complaint, at pp. 2-3, "Statement of Claims" ¶ 6.

9

U.S. Const., Amend. XIV, Sec. 1.  As with his First Amendment claim, Plaintiff's original Complaint failed to specify which Fourteenth Amendment protections he claims Defendants violated or to set forth sufficient facts to support such a claim.  In his Amended Complaint, Plaintiff cites the Fourteenth Amendment's due process clause as the basis for his claim.  The Amended Complaint links Plaintiff's due process and first amendment claims to the same set of facts, claiming that his prosecution for unsworn falsification to authorities violated his due process right to pursue judicial review of his firearms license denial.  See Amended Compl. at p.3 ("The First and Fourtee[n]th Amendments of the United States Constitution, Article 7 afford's *[sic]* me the right to petition and appeal, pursuant to Judicial Review. . . . Thus the First Amendment embrace[s] freedom to act but in the "Nature" of things not absolute and the Fourtee[n]th Amendment afford's *[sic]* me 'DUE PROCESS'.").

Again, accepting Plaintiff's allegations as true, he has not stated a plausible due process claim.  Even if Plaintiff could establish a "due process right" to pursue judicial review of his firearms license denial and/or to collaterally attack his underlying firearms convictions, the Sheriff Defendants' alleged actions did not deprive Plaintiff of that right.  To the contrary, as set forth above, Plaintiff fully pursued the appeals process of which he sought to take advantage.  Accordingly, the Sheriff Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment Claim is granted.

### 3. Qualified Immunity

The Sheriff Defendants further argue that Plaintiffs' claims against them are barred by the doctrine of qualified immunity.  [ECF No. 25 at 11-14].  "[T]he qualified-immunity defense shields government agents from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Debrew v. Auman, 354 F. App'x 639, 641 (3d Cir. 2009) (quoting Thomas v.

Independence Twp., 463 F.3d 285, 291 (3d Cir. 2006)); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Questions of qualified immunity should be resolved at the earliest possible stage of litigation. See Thomas, 463 F.3d at 291; see also Pearson v. Callahan, 555 U.S. 223, 231 (2009) (noting that the "driving force" behind the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery). At the 12(b)(6) stage, qualified immunity will be found "when the immunity is established on the face of the complaint." Cunningham v. N. Versailles Twp., No. Civ. A. 09-1314, 2010 WL 391380, at *13 (W.D. Pa. Jan. 27, 2010) (Ambrose, J.) (quoting Thomas, 463 F.3d at 291).

I did not address qualified immunity when I dismissed Plaintiff's original Complaint because the allegations in that Complaint were so scant that I was unable to discern the factual basis for Plaintiff's Section 1983 claims, let alone whether the Sheriff Defendants' alleged actions violated a clearly established constitutional right. I indicated, however, that the Sheriff Defendants could renew their qualified immunity argument in a subsequent motion to dismiss, if and when appropriate. After careful consideration of Defendants' argument in the context of the more detailed allegations set forth in Plaintiff's Amended Complaint, I find that, even if Plaintiff had stated a plausible First or Fourteenth Amendment claim, qualified immunity would apply.

The Pennsylvania statute prohibiting Unsworn Falsification to Authorities states:

> (a) In general.--A person commits a misdemeanor of the second degree if, with intent to mislead a public servant in performing his official function, he:
>
> (1) makes any written false statement which he does not believe to be true;
>
> (2) submits or invites reliance on any writing which he knows to be forged, altered or otherwise lacking in authenticity; or
>
> (3) submits or invites reliance on any sample, specimen, map, boundary mark, or other object which he knows to be false.
>
> (b) Statements "under penalty".--A person commits a misdemeanor of the third degree if he makes a written false statement which he does not believe to be true, on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable.

> (c) Perjury provisions applicable.--Section 4902(c) through (f) of this title (relating to perjury) applies to this section.
>
> (d) Penalty.--In addition to any other penalty that may be imposed, a person convicted under this section shall be sentenced to pay a fine of at least $1,000.

18 Pa. C.S. § 4904. Plaintiff's Amended Complaint establishes that Defendant Kulik cited Plaintiff for Unsworn Falsification of Authorities in April 2014. It is further undisputed that prior to that date, Plaintiff presented himself to the Allegheny County Sheriff's Office and completed a concealed firearms application. Plaintiff admits that he answered "yes" on that application to questions 30C and 30G asking if he had been convicted of an offense that was a bar to gun possession and/or a crime punishable by a sentence exceeding one year. Plaintiff further admits that he nevertheless signed the application certifying that he had never been convicted of a crime that prohibited him from possessing or acquiring a firearm under Federal or State law. The form explicitly stated that the certification was "made subject to both the penalties of § 4904 of the Crimes Code, 18 Pa. C.S., relating to unsworn falsifications to authorities and the Uniform Firearms Act." In the months prior to charging Plaintiff with Unsworn Falsification, the Sheriff's Office had denied Plaintiff's application and the Pennsylvania State Police had denied Plaintiff's challenge to that decision.

In short, under the facts as alleged in the Amended Complaint, Plaintiff admits that he signed the certification at issue knowing that his prior convictions would preclude him from lawfully acquiring a concealed weapons permit. Given that Plaintiff admitted all of the essential elements of the offense with which he was charged, Defendant Kulik's lodging of that charge was reasonable. Based on these facts as alleged by Plaintiff, I cannot conclude that it would have been clear to Defendant Kulik that his conduct violated Plaintiff's constitutional rights or was otherwise unlawful in the situation at issue. See Saucier v. Katz, 533 U.S. 194, 202 (2001)

("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."); see also Schlaflin v. Borowsky, 128 F. App'x 258, 261 (3d Cir. 2005) (finding that it was reasonable for defendant officers to believe that their arrest of plaintiff would not violate any clearly established right where an existing state statute appeared to authorize such an arrest). Accordingly, I find that, even if Plaintiff had alleged a constitutional violation, the doctrine of qualified immunity would apply in this case.

I granted the Sheriff Defendants' Motion to Dismiss Plaintiff's original Complaint without prejudice to Plaintiff's ability to file an amended complaint alleging with greater specificity both the nature of his First and Fourteenth Amendment claims and the factual basis underlying those claims. Although Plaintiff's Amended Complaint adequately clarifies the basis for his constitutional claims, the facts alleged therein, even if true, do not support a plausible Section 1983 claim against the Sheriff Defendants for all of the reasons set forth above. Because I find that further amendment of the pleading would be futile, Plaintiff's Amended Complaint is dismissed with prejudice as to these Defendants.

**C. Allegheny County's Motion to Dismiss**

Defendant "Allegheny County" moves to dismiss Plaintiff's Amended Complaint against it in its entirety. [ECF No. 22]. Defendant argues that (1) the Amended Complaint fails to state a policy or custom claim as required to establish municipal liability; and (2) the Complaint fails to state a claim for any underlying constitutional or other violation. [ECF No. 22, at 1].

First, Defendant Allegheny County argues that I must dismiss Plaintiff's Amended Complaint against it because Plaintiff did not amend his Complaint to state a "policy or custom claim as is required to demonstrate county/municipal liability." [ECF No. 23, at 8-10]. I agree. As I explained in my Opinion and Order dismissing Plaintiff's original Complaint, in order to state

a legally sufficient claim for municipal liability under Section 1983, a plaintiff must plead the existence of a policy or custom that caused the alleged constitutional violation. See Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 690-91 (1978); see also ECF No. 20, at 12-13. The complaint also must set forth a direct causal link between the municipal policy or custom and alleged constitutional deprivation. See Cunningham, 2010 WL 391380, at *12 (citing Monell and Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)). As with Plaintiff's original Complaint, the factual allegations contained in Plaintiff's Amended Complaint pertain only to the Allegheny County Sheriff's Office and Deputy Sheriff Kulik. The Amended Complaint does not allege *any* municipal policy or custom, let alone one sufficient to give rise to a plausible claim of municipal liability against Allegheny County. Plaintiff's Brief in opposition to the Motion to Dismiss likewise fails to identify a County policy or custom within the meaning of Monell. To the extent Plaintiff continues to rely on a theory of *respondeat superior*,[4] that theory is not an appropriate basis for Section 1983 municipal liability. See Santora v. Red Clay Consol. Sch. Dist., 580 F. App'x 59, 62 (3d Cir. 2014) (citing Monell, 436 U.S. at 691-92); see also ECF No. 20, at 12-13. For this reason, Defendant Allegheny County's Motion with respect to municipal liability is granted.

Second, Defendant Allegheny County argues that Plaintiff's Amended Complaint fails to articulate sufficient facts to state any underlying constitutional or other claim. To the extent the county's arguments in this regard echo those raised by the Sheriff Defendants, dismissal of Plaintiff's Complaint against Allegheny County also is appropriate for the reasons and to the extent set forth in Section II.B., supra.

---

[4] The only allegation in Plaintiff's Complaint specific to Allegheny County is his description of the County as "the employer of the Allegheny County Sheriff's Office." [ECF No. 21, at p.1]. Similarly, in his Opposition Brief, Plaintiff opposes the County's "policy and custom" argument by reiterating that "Allegheny County is the enity [sic] and employer of the Allegheny County Sheriff's Office." [ECF No. 28, at p.3].

Even construing Plaintiff's Amended Complaint liberally, amendment of the Section 1983 claims against the County contained therein would be futile for the reasons previously set forth. Accordingly, Plaintiff's claims against Defendant Allegheny County are dismissed with prejudice.

### III. **CONCLUSION**

For all of these reasons, Defendants' Motions to Dismiss Plaintiff's Amended Complaint [ECF Nos. 22, 24] are granted. Because permitting further amendment of these claims would be futile, such dismissal is with prejudice.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARVASE J. SPELL,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLEGHENY COUNTY, ALLEGHENY COUNTY SHERIFF'S OFFICE, ALLEGHENY COUNTY DEPUTY SHERIFF, JARED KULIK,<br><br>    Defendants. | Civil Action No. 14-1403 |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

AND NOW, this 9th day of September, 2015, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendants' Motions to Dismiss [ECF Nos. 22 & 24] are granted, and Plaintiff's Amended Complaint is dismissed, with prejudice.

                                                                         BY THE COURT:

                                                                         /s/ Donetta W. Ambrose
                                                                         Donetta W. Ambrose
                                                                         U.S. Senior District Judge